POLUCKIE, Respondent, vs. WEGENKE, imp., Appellant.

*December 18, 1908—January 5, 1909.*

*Appeal and error: Questions considered: Immaterial matters: Subrogation.*

1. On review of a judgment determining appellant's right in lands, if he obtains by the judgment all he is entitled to, it is immaterial as to him to what source his title is referable.
2. Subrogation is based on rules of equity. It is a creation of the law whereby the substantial ends of justice may be accomplished regardless of contract relations.
3. Where a person for the protection of his title to property is compelled to pay off a lien thereon for a debt for which he is not liable, so that another having an interest in the property and who stands prior in obligation to pay the debt, either because of being the debtor or being more immediate to the creator of the lien, will be relieved of the burden, equity immediately operates in favor of the payor, preserving the lien for his protection to the extent that he would otherwise suffer loss to such other's gain.
4. In an equitable action to have a forfeiture declared of rights obtained by P., a grantor of appellant, under a conveyance to the grantor by his parents (the plaintiff and her husband now deceased) to secure their support for the balance of their lives, it is *held* that there was nothing in the transactions between appellant and his grantor, stated in the opinion, upon which right of subrogation could be grounded.
5. Where each party before the trial court was awarded judgment for just what he or she was entitled to, and as between appellant and other parties interested, if there were any such, the situation was unaffected by the judgment, the supreme court affirms the judgment.

APPEAL from a judgment of the circuit court for Green Lake county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Equitable action to have a forfeiture declared of rights obtained by John Poluckie and others through him under a conveyance to him by his parents (plaintiff and her husband now deceased) to secure their support for the balance of their

lives, the claim being that the deed and contract back for support had been extinguished by breach of condition subsequent.

The consideration for the transfer and the status of the title at the time thereof and subsequent occurrences as to the title are indicated in the findings covering the issues and are in brief as follows:

November 22, 1901, plaintiff's husband owned the premises described in the complaint, subject to a mortgage owned by Gustave Krause. At that time and for a long time prior thereto they occupied such premises as their home. Defendants John and Joseph Poluckie are their sons. On the day named they joined in a conveyance of the property to John, the deed being duly recorded. They took a contract back for their support, which was the consideration for the conveyance. Such contract provided for delivery to the grantors and the survivor of them of specified articles at specified times for maintenance, and provided that during their lives, or the life of either survivor, they should have the use of a part of the dwelling house and a specified amount of land for a garden. The contract and deed were duly recorded. The husband died December 23, 1901. On December 23, 1903, John deeded his interest in the property to his brother Joseph, the deed being duly recorded. Joseph upon receiving the deed assumed John's obligations under the contract for support. February 26, 1905, he mortgaged the property to defendant Krause to secure an additional loan. Plaintiff at that time, no consideration moving to her, but solely to assist Joseph, quitclaimed her interest in the property to Krause. As part of the transaction it was agreed between the parties that in case of payment of all the indebtedness to Krause within three years the property should be conveyed to plaintiff and Joseph. As a further part of the transaction plaintiff signed a satisfaction which was delivered to Krause, reciting that it was of a mortgage to secure fulfilment of the ob-

ligations of a life lease to plaintiff and her husband.   There
was no such mortgage in fact.   As a further part of the trans-
action, intended to evidence the agreement aforesaid as to re-
deeding, a land contract was made which was supposed by the
parties thereto and plaintiff to run to the latter and Joseph.
The land contract was not recorded till February 9, 1906.
Neither plaintiff nor any one concerned intended that the
contract for support should be superseded except so far as
necessary to secure Krause.   Plaintiff could speak only in
the Polish language, Krause could speak only in German and
imperfectly in English, and Joseph could speak only in Pol-
ish and imperfectly in English.   Joseph and Krause could
not converse with each other except with difficulty in English.
Plaintiff and her son were below the ordinary in intelligence
and without business experience.   All the papers aforesaid
except the land contract being recorded, Joseph, February 8,
1906, quitclaimed the property to defendant *Wegenke* and
assigned to him his interest aforesaid in the contract with
Krause.   The consideration named in the deed was $1,910.
The conveyance, contract to Krause, and assignment thereof
by Joseph were immediately duly recorded.   *Wegenke* was
duly informed by Joseph at the time of the transaction of
plaintiff's interest in the premises and that his conveyance
was subject thereto.   February 25, 1906, with knowledge as
aforesaid and that plaintiff would insist upon her rights,
*Wegenke* tendered to Joseph, at the home on the place then
occupied by plaintiff, the balance of the consideration men-
tioned in the deed to him after deducting the amount due
Krause.   Joseph refused to receive the money.   *Wegenke*
then left it on the table and Joseph straightway deposited
the same subject to *Wegenke's* demand and informed him
thereof, and at the commencement of the action it was ten-
dered to him and payment thereof upon the trial subject to
the order of court was offered.   *Wegenke* knew all the time
of plaintiff's interest under the contract for support and that

she had been from the beginning and was in possession of the premises, using the dwelling-house forty as a homestead. Such occupancy was adverse to the extent of her interest. Joseph breached the contract for support of plaintiff in failing to supply the articles and perform the services agreed upon for her support.

Upon such findings the court decided that the written contract between Krause and Joseph should be reformed so as to conform to the intention of the parties at the time it was made, as stated; that the deed to John and contract back and record thereof should be canceled; that plaintiff's homestead and dower right in the premises should be established as if no such deed and contract had been made; that *Wegenke* was entitled to his election whether to hold under his deed from Joseph the rights of the latter and his brother John as heirs at law of their father, or to take the money tendered less the costs of the action, which should go against him. He however, in case he desired to hold under the deed, within thirteen days of the service upon his attorneys of a copy of the judgment, to serve upon plaintiff's attorneys a notice of his election in that regard, in which case plaintiff's attorneys should pay into court the amount of the tender, less the costs adjudged against *Wegenke,* the same to be paid to the latter upon his demand. Judgment was rendered according to the decision, the costs being taxed at $151.08. Within the time limited therefor *Wegenke* elected to retain under his deed the title to the property subject to plaintiff's interest and the mortgage interest of Krause. Subsequently he appealed from the judgment.

For the appellant there was a brief by *Edward F. Kileen* and *B. B. Park,* and oral argument by *Mr. Kileen.*

*D. W. McNamara,* for the respondent.

MARSHALL, J. It seems to be conceded by appellant, as might well be the case, upon the facts found which are not

now challenged, that the judgment is right so far as it secures plaintiff her dower and homestead rights in the premises, subject to such rights as he acquired under the deed from Joseph, Sr., and the assignment of the land contract as reformed, given by Krause at the time the deed was made to him.　But it is insisted by appellant that his title is referable to that of the deceased grantor of John through the conveyance to the latter and subsequent conveyances, instead of through the descent of such title to John and Joseph as heirs at law of their father and such transfer; that the condition precedent, arising out of the circumstance of the conveyance to John, as to the deceased, should not be regarded as having survived his death. . In that view it seems to be thought that appellant because of his dealings with Joseph, Jr., should be left an opportunity of subrogation to the rights of Krause under, at least, the mortgage outstanding at the death of Joseph, Sr., for the protection of his title against the claim of respondent, and the heirs of the latter other than John and Joseph, if there be any.

Manifestly if appellant obtained by the judgment all he is entitled to, it is immaterial whether it be referable to the title of Joseph, Sr., through mesne conveyances or through descent to his heirs at law and such conveyances.

We are unable to discover anything in the transaction between appellant and his grantor, Joseph, Jr., upon which the right of subrogation claimed can be grounded.

Subrogation is based on rules of equity.　It is a creation of the law whereby the substantial ends of justice may be accomplished regardless of contract relations.　If a person for the protection of his title to property is compelled to pay off a lien thereon for a debt which he is not liable for, so that another having an interest in the property and who stands prior in obligation to pay the debt either because of being the debtor or being more immediate to the creator of the lien, will be relieved of the burden, equity immediately operates in favor

of the payor, preserving the lien for his protection to the extent that he would otherwise suffer loss to such other's gain. *Charmley v. Charmley,* 125 Wis. 297, 103 N. W. 1106.

There is no such situation disclosed in the record as the one suggested nor opportunity therefor as regards protection of appellant. He took a quitclaim deed from Joseph, Jr., for a consideration of $1,910, to be paid, as appears, to Krause to the extent of his mortgage interest and the balance to the former. He took with full knowledge of the rights of respondent, giving only the value of Joseph Jr.'s equity. That was the entire title so far as it reached John and Joseph by descent or otherwise, subject to whatever rights respondent had and subject to the Krause mortgage interest, the measure of which, as seen by the acts of the parties, was taken account of as a burden to be borne by appellant. If he speculated on the probability of acquiring plaintiff's interest in the property upon the theory that she had irrevocably parted with it, that such interest was her right to support under the contract given by John and had been parted with by the transaction with Krause, of course he must take the consequences after the ordinary manner of risks of speculation. As between him, Joseph, Jr., and the plaintiff, he, not they or either of them, is the one to discharge the mortgage burden on the property, as he seems to have recognized after the entry of judgment by electing to leave to Joseph, Jr., according to the original idea, the balance of the $1,910 named in the latter's deed to him after deducting the amount requisite to discharge such interest. If there be any opportunity for subrogation under any circumstances it is a possession of the respondent against appellant in case of her having to pay Krause. Appellant had no equity in that regard; not the least.

In this disposition of the case it becomes unnecessary to pass on the question of whether the decision below should have been limited to giving effect to the condition subsequent in the original transaction so far as necessary ·to restore re-

spondent to her former position.  In any event appellant got
all he was entitled to as regards the parties before the court.
If there are other heirs than John and Joseph, whose interests
are contingent upon whether the deed to John should have
been wholly superseded or only as to respondent, the rights
of such heirs are not affected by the judgment nor are the
rights of appellant as regards them.  They should have been
brought in on motion of appellant, or without any motion.
While there is some language in the complaint suggesting
other heirs than those before the court, the findings are en-
tirely silent in respect to the matter.  On the whole, we have
concluded to affirm the judgment because each party before
the court got just what he or she was entitled to, and as be-
tween appellant and other parties interested, if there be such,
the situation is unaffected by the judgment.

*By the Court.*—The judgment is affirmed.