VAN VALKENBURG, Executrix, Respondent, vs. JANTZ and others, Appellants.

SAME, Appellant, vs. SAME, Respondents.

*September 15—October 5, 1915.*

*Equity: Action to set aside deed: Recovery on note: Interest: Costs: Vendor and purchaser of land: Payment of mortgage by grantor: Subrogation: Setting aside covenants of warranty.*

1. Where the vendor of land, never having demanded payment of a demand note given for a part of the consideration, and treating such note as void and subject to be returned to the vendee, sought by equitable action to have the conveyance declared void for undue influence, but failed to sustain such claim of fraud, and the vendee was found to be indebted on the note according to its tenor, such vendor had no legal right to judgment for recovery on the note, but in order to do complete justice and terminate the litigation the court properly adjudged the amount due and provided for enforcement of a vendor's lien therefor.

2. Interest on the note from the time of the commencement of the action was properly allowed in such case, the defendant not having offered to pay the note; but plaintiff should not have been awarded costs incidental to recovering on the note.

3. Land subject to a mortgage given by the owner for his own indebtedness having been conveyed by him by deed with full covenants, reserving a life estate, and the grantee not having agreed to pay the mortgage, when the grantor thereafter, voluntarily and to protect his life estate, paid the debt and caused the mortgage to be discharged of record, he was not entitled, as against the grantee, to be subrogated to the rights of the mortgagee, even though he did not understand the effect of his covenants and paid the debt thinking, nevertheless, to preserve the lien.

4. Covenants in a conveyance of land should not be annulled merely because the grantor did not understand their legal effect.

APPEALS from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed in part; reversed in part.*

Equitable action to set aside two deeds upon the ground that they were procured by fraud and undue influence.

In 1904, Minnie Smith, an aged lady, while in poor

health and residing with her daughter *Agnes*, deeded her farm, consisting of two forty-acre tracts, worth about $6,000, one half to *Agnes* and one half to her son *Edward*. She intended thereby to make a final disposition of her property subject to a life estate in herself. She was not able to read and write English or to speak it but little. *Agnes* was quite active in procuring the deeds to be made. Each was in the ordinary form of a warranty deed, reserving a life estate to the grantor, and expressing for a consideration, "Two hundred dollars and other good and valuable considerations." Nothing was in fact paid, but each grantee gave the grantor a demand promissory note for $200, which had not been paid when the judgment was rendered. The grantor controlled the farm, paid the taxes, and kept up the repairs after the deeds were made, the same as before. When the transaction occurred there was a mortgage on the property given by Mrs. Smith to secure an indebtedness of her own of $800. Subsequently, she paid the same and the mortgage was discharged of record. She was divorced from her husband some less than a year before the deeds were made. · He was a second husband and not the father of the grantees. They were fearful their mother would return to him, which she did. She subsequently commenced this action. Pending the same she died and the action was duly revived and other proper party defendants brought in.

The court decided, on evidence tending to establish the same, this: Mrs. Smith intended to give the lands to her two children, but not to warrant the title. She did not understand the effect of her covenants. When she paid off the $800 mortgage she did so to protect her life interest, and not to protect her grantees. With the purpose of preserving the mortgage interest for herself, she kept the mortgage, the notes, and the satisfaction. Before commencing this action she demanded a reconveyance of the lands, claiming that the deeds were procured by undue influence and were executed

by her in ignorance of their contents. Persons claiming under her grantees were brought in as defendants. They took with knowledge of her rights.

The decision thus expressly, or inferentially, negatived the claim of fraud and undue influence; but was in plaintiff's favor to the extent of holding that Mrs. Smith did not understand her conveyance to contain a provision requiring her to remove the incumbrance of $800, though there was no finding to the effect that the grantees were at fault in the matter.

Upon such facts the court decided, as matter of law, that plaintiff could not have judgment canceling the deeds; but was entitled to be subrogated, as to the mortgage lien of $800; also to a vendor's lien for the amount due on the notes, including interest from the time of the commencement of the action, and to the usual judgment of foreclosure in such cases, including appropriate provisions for recovery of costs and solicitor's fees stipulated in the mortgage. Judgment was rendered accordingly.

Plaintiff appealed upon the ground that the court should have found the undue influence alleged, and rendered judgment canceling the deeds. Defendants appealed upon the ground that the judgment as to the mortgage, and the money consideration mentioned in the deeds, is erroneous.

For the plaintiff there was a brief by *Maurice McKenna,* attorney, and *Carter & Pedrick,* of counsel, and oral argument by *S. M. Pedrick.*

For the defendants there was a brief by *Swett & Keck,* and oral argument by *H. E. Swett.*

MARSHALL, J. The findings of fact seem to be efficiently supported by the evidence, leaving only questions of law hereafter stated to be considered.

1. If a person owes another upon a demand note, given as evidence of indebtedness of such person to such other for

real property conveyed by the latter to the former, and the vendor seeks by equitable action to have the conveyance declared void for undue influence, never having demanded payment of the note, but treating the same as void and subject to be returned to the maker, and such person fails to sustain the claim of fraud, but is shown to be indebted upon the note according to its tenor,—may the court, properly, so declare, allowing interest from the commencement of the action, and adjudging the sum due with costs to be a lien upon the realty, and provide for enforcing the same?

The proposition stated fits this case as to the notes. In such circumstances the payee of the note does not possess a matured legal claim at the time of commencing the action; hence, does not possess a legal right to judgment for recovery of the amount due for principal nor for interest or costs. However, it would be competent for a court of equity, for the purpose of doing complete justice and terminating the litigation, to enforce payment of the indebtedness, dealing with the question of interest and that of costs according to the equities between the parties.

Applying the foregoing to the case before us, we can perceive good reason for allowance of interest from the time the litigation commenced, or the time when the debtors must have been fully informed that the creditor was, at least, entitled to payment of the notes and to a vendor's lien to enforce such payment. If the former desired to prevent liability for interest, they should have offered to pay the notes and tendered payment in the answer. Since they failed to do that and contested the equitable claim to recover in the action the amount due, it was competent for the court to allow interest, as was done; but there were no circumstances which, legally or equitably, entitled plaintiff to recover costs, incidental to recovering upon the notes. Had the debtors tendered payment of the notes, it would not have been accepted. Plaintiff would, nevertheless, have persisted in order to avoid

the deeds or, failing in that, to obtain the equitable lien and subrogation decreed. So there was no fault on defendants' part for which they should be made to pay costs as to the notes.

2. If a person for a sufficient consideration conveys land to another by deed with full covenants, reserving a life estate therein, and the land at the time of the conveyance is subject to such person's own mortgage indebtedness which the grantee does not, in the deed or otherwise agree to pay, and, later, such person, voluntarily, and to protect his life estate pays off the indebtedness and causes the mortgage lien to be discharged of record; has such person the equitable right of subrogation to the original lien under the mortgage as against his grantee, because such person when he made the deed, without fault of the grantee, did not understand the effect of the covenants therein, and, later, paid the indebtedness thinking, nevertheless, to preserve the lien?

The stated proposition pictures plainly the situation the trial court had to deal with in solving the question of whether the $800 mortgage should be regarded as outstanding for the protection of Mrs. Smith's estate.

It is hardly sufficient to warrant decreeing the covenants in a deed ineffective, because the covenantor did not understand the legal effect of them, there being neither mutual mistake nor mistake upon one side and fraud upon the other. According to the findings there was no circumstance warranting the court in setting the deeds aside or annulling any feature thereof upon any of the grounds alleged.

It is conceded that if the grantor was bound by her covenants, there was no justification for the decree treating the mortgage lien, though extinguished as to the mortgagor, as, nevertheless, existing as against her grantees; but, waiving that, we are unable to discover any basis for applying the equitable doctrine of subrogation, as was done. That no such basis exists must be clear from the governing principles of the subject as this court has often stated them:

"Subrogation existed entirely independent of contract relations. It is wholly a creature of equity,—a means by which the substantial ends of justice may be accomplished. If a person pays off a lien claim on property for which he is not, but another is, liable so that such other would derive the benefit thereof, if his interest in the property were entirely relieved from such lien, and such person acts in the matter, not as a mere volunteer, but to protect his own interest in such property, such interest being legal or equitable, and either present or contingent, equity immediately operates in favor of such person by preserving such lien claim to him with the same right to enforce it as the original owner possessed, to the extent that such person would otherwise suffer loss to such other's gain." *Charmley v. Charmley,* 125 Wis. 297, 103 N. W. 1106.

"Subrogation . . . is a creation of the law whereby the substantial ends of justice may be accomplished regardless of contract relations. If a person for the protection of his title to property is compelled to pay off a lien thereon for a debt which he is not liable for, so that another having an interest in the property and who stands prior in obligation to pay the debt, either because of being the debtor or being more immediate to the creator of the lien, will be relieved of the burden, equity immediately operates in favor of the payor, preserving the lien for his protection to the extent that he would otherwise suffer loss to such other's gain." *Poluckie v. Wegenke,* 137 Wis. 433, 437, 119 N. W. 188.

Mrs. Smith did not pay a debt which another was obligated to pay. She merely paid her own debt. Her grantees neither agreed to pay it nor were they liable therefor nor were they requested to pay it. The circumstances of the case do not satisfy the logic of the doctrine of subrogation in any essential particular.

It follows that the judgment in plaintiff's favor, except as to the vendor's lien for the amount due on the notes, is wrong and that there was no legitimate basis for granting costs against defendants.

*By the Court.*—On plaintiff's appeal the judgment is af-.firmed so far as it sustains the deeds and fixes the amount:

due on the notes and provides for enforcement thereof by vendor's lien.

On defendants' appeal the judgment is reversed as to the matter of subrogation, the modification of the deeds, and as to awarding costs to plaintiff.

The cause is remanded for judgment in accordance with the foregoing and for costs in defendants' favor. No costs are allowed plaintiff in this court on either appeal; but full costs are allowed defendants on their appeal, and no costs on plaintiff's appeal.